**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s)**: 11-1197        **Caption** [use short title]

**Motion for:** Independent Oral Argument

Cariou v. Prince, et al.

Set forth below precise, complete statement of relief sought:

Amicus Curiae The Andy Warhol Foundation for the Visual Arts, Inc. seeks ten minutes of oral argument in addition to the time alloted to the parties. See attached.

**MOVING PARTY:** Amicus Curiae The Andy Warhol Foundation for the Visual Arts, Inc.     **OPPOSING PARTY:** Patrick Cariou, Richard Prince
☐ Plaintiff   ☐ Defendant
☐ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** Anthony T. Falzone       **OPPOSING ATTORNEY:** See attached.
[name of attorney, with firm, address, phone number and e-mail]
Stanford Law School, Center for Internet and Society
559 Nathan Abbott Way, Stanford CA 94305
650-736-9050
falzone@stanford.edu

Court-Judge/Agency appealed from: U.S. District Court for the Southern District of New York

**Please check appropriate boxes:**                   **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has movant notified opposing counsel (required by Local Rule 27.1):   Has request for relief been made below?  ☐ Yes ☐ No
☑ Yes  ☐ No (explain): _____                Has this relief been previously sought in this Court? ☐ Yes ☐ No
                              Requested return date and explanation of emergency: _____
Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

Is oral argument on motion requested?    ☐ Yes  ☑ No   (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☑ Yes  ☐ No   If yes, enter date: May 21, 2012

**Signature of Moving Attorney:**
/s/ Anthony T. Falzone     **Date:** 4/16/12       Has service been effected?  ☑ Yes  ☐ No [Attach proof of service]

---

**ORDER**

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED  DENIED**.

**FOR THE COURT:**
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: _____    By: _____

**Form T-1080**

**Opposing Attorneys:**

Counsel for Patrick Cariou:
Daniel J. Brooks
Schnader, Harrison, Segal & Lewis LLP
140 Broadway, Suite 3100, New York, NY 10005
212-973-8150
dbrooks@schnader.com

Counsel for Richard Prince:
Joshua I. Schiller
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Floor, New York, NY 10022
212-446-2300
jischiller@bsfllp.com

**Counsel for Consenting Parties Gagosian Gallery, Inc. and Lawrence Gagosian:**

Hollis Anne Gonerka Bart
Chaya Weinberg-Brodt
Withers Bergman LLP
430 Park Avenue, 10th Floor, New York, NY 10022
212-848-9800
hollis.bart@withers.us.com

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---------------------------------------------------------
Patrick Cariou,

           Plaintiff-Appellee,

    v.

Richard Prince, et al.

           Defendants-Appellants.
---------------------------------------------------------

Appeal No. 11-1197-CV

On Appeal From the United States District Court for the Southern District of New York, Civil Action No. 08-CV-11327 (DAB)

### AMICUS CURIAE THE ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC.'S MOTION FOR INDEPENDENT ORAL ARGUMENT

The Andy Warhol Foundation for the Visual Arts, Inc. ("The Warhol Foundation") respectfully moves this Court for ten minutes of oral argument as *amicus curiae* in addition to the time allotted to the parties in order to address the important public interests at stake in this case. Appellants Gagosian Gallery, Inc. and Lawrence Gagosian consent. Appellant Richard Prince and Appellee Patrick Cariou oppose.

Founded upon Mr. Warhol's death, the Foundation advances the visual arts by promoting the creation, presentation and documentation of contemporary art. It has made grants totaling more than $200 million to fund individual artists, scholars, researchers, museums and other organizations, including The Andy Warhol Museum. All of its work is premised upon the belief that art reflects an

important cultural dialogue, and that freedom of artistic expression is fundamental to a democratic society. While the Foundation generates substantial revenue from the copyrights it owns, it uses that revenue to help fund its non-profit mission of supporting contemporary art, including the work of many photographers. The Warhol Foundation's interest in this case is therefore the same as that of the public at large: a balanced copyright system that recognizes the need to provide strong economic incentives and the need to provide breathing room for artists who use existing images to create new art.

That balance is especially critical here. The artistic strategy of appropriating and collaging pre-existing images is not unique to Appellant Richard Prince. It is vitally important to contemporary art, and has origins dating back more than a century, as illustrated by these important works, and others reproduced in The Warhol Foundation's brief:



**Richard Hamilton,** *Just what is it that makes today's homes so different, so appealing?* **(1956)**
Collage on paper; 10 1/4 x 9 3/4"



**Robert Rauschenberg,** *Skyway* **(1964)**
Oil and silkscreen on canvas; 216 x 192"

Prince's work participates in the same tradition:



**Richard Prince,** *Naked Confessions* **(2008)**, at A-259
Collage, inkjet, and acrylic on canvas; 45 1/4 x 46"

In granting summary judgment for Appellee Patrick Cariou, the district court adopted a fair use standard that threatens this tradition, and is contrary to controlling law. *See* Warhol Br. at 23-38. It refused to recognize any expressive interest or transformative meaning other than parody or direct commentary, and ignored the transformative meaning that is evident on the face of Prince's work because Prince failed to verbalize that meaning to the court's satisfaction. If the

5

district court's decision is upheld, it will jeopardize important and well-established modes of artistic expression, raise serious First Amendment concerns, and ultimately impede far more creativity than it would promote, both in the visual arts and beyond.

This case implicates important public speech and expression interests that go well beyond those of the parties involved, and the Warhol Foundation is uniquely qualified to speak to those interests. As an organization that is dedicated to supporting contemporary art in all of its forms, the Foundation can provide a broader perspective on the issues this case presents and the impact it may have across the spectrum of visual art.

## CONCLUSION

For the reasons stated above, The Warhol Foundation requests ten minutes of argument time in addition to the time allotted to the parties.

DATED: April 16, 2012             */s/ Anthony T. Falzone*
                                  Anthony T. Falzone
                                  Julie A. Ahrens
                                  Daniel K. Nazer
                                  Stanford Law School
                                  Center for Internet and Society
                                  559 Nathan Abbott Way
                                  Stanford, CA 94305
                                  (650) 736-9050

6

Virginia Rutledge
414 W. 145th Street
New York, NY 10031
(212) 368-2949

Zachary J. Alinder
John A. Polito
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111
(415) 393-2000

*Attorneys for Amicus Curiae*
*The Andy Warhol Foundation for the*
*Visual Arts, Inc.*

7