# 11-1197-cv

In The

# United States Court of Appeals

FOR THE SECOND CIRCUIT

PATRICK CARIOU,

*Plaintiff-Appellee,*

- against -

RICHARD PRINCE,

*Defendant-Appellant,*

GAGOSIAN GALLERY, INC., LAWRENCE GAGOSIAN,

*Defendants-Cross-Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## DECLARATION OF DANIEL J. BROOKS IN OPPOSITION TO MOTION OF AMICUS CURIAE ANDY WARHOL FOUNDATION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, New York 10005-1101
(212) 973-8000

*Attorneys for Plaintiff-Appellee*

DANIEL J. BROOKS
ERIC A. BODEN
  *of Counsel*

# DECLARATION OF DANIEL J. BROOKS IN OPPOSITION TO MOTION OF THE ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC. FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT OF THIS APPEAL

DANIEL J. BROOKS, under the penalty of perjury, states as follows:

1. I am a member of the Bar of this Court and of Schnader Harrison Segal & Lewis LLP, counsel of record for plaintiff-appellee Patrick Cariou. I submit this declaration, upon personal knowledge, in opposition to the motion of *amicus curiae* The Andy Warhol Foundation for the Visual Arts, Inc. ("The Warhol Foundation") for "ten minutes of oral argument as *amicus curiae* in addition to the time allotted to the parties . . . ."

2. The Warhol Foundation has already filed two *amicus* briefs on this appeal, urging reversal of the district court's decision.

3. In its motion, The Warhol Foundation offers more of the same partisan advocacy that characterizes its two briefs, revealing itself to be an "*amicus reus*, or friend of the defendant, [rather] than [an] *amicus curiae*." *Sciotto v. Marple Newtown School Dist.*, 70 F. Supp. 2d 553, 556 (E.D. Pa. 1999). The Warhol Foundation's description of itself as neutral, with an interest in this case that is "the same as that of the public at large," is belied by its one-sided presentation of the underlying issues and need not necessarily be accepted by the

Court. *See United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991) (rejecting *amicus* brief from non-party claiming to be an "objective, neutral, dispassionate 'friend of the court,'" when its submission demonstrated it "has come as an advocate for one side . . .").

4. Here, of course, The Warhol Foundation has already been permitted to file not one, but two, briefs. Its motion makes it clear that permitting oral argument from this non-party will only result in a repetition of the arguments contained in those briefs, which, in any event, echo, and cite the same authorities as, appellants' briefs. Nor has The Warhol Foundation even attempted to show that appellants' able counsel, armed with the very same cases and commentaries, will be unable to make the same points that The Warhol Foundation seeks to repeat during the oral argument.

5. Aside from the duplication and distraction inevitably resulting from unnecessary oral argument by a non-party, considerations of fairness militate against the granting of this motion. Counsel for the appellee has only been allotted 12 minutes of oral argument. Permitting The Warhol Foundation 10 minutes, in addition to the 12 minutes allotted to appellants, would impede appellee's ability to respond in a meaningful way to what would be a coordinated attack on the district court's decision. Should the Court grant The Warhol Foundation's motion,

2

appellee respectfully requests that his counsel's allotted time be commensurately increased so that the playing field will be level.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 17, 2012, at New York, New York.

/s/ Daniel J. Brooks

Daniel J. Brooks
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, New York 10005
(212) 973-8000

3